ARNOLD, Circuit Judge.
This is an appeal from an order of the District Court declining to consider an appeal from the Bankruptcy Court. We hold that the order of the Bankruptcy Court which plaintiffs sought to appeal to the District Court was a final order, within the mandatory appellate jurisdiction of the District Court. We therefore reverse and remand for further proceedings.
The underlying dispute is over the ownership of certain hogs. Larry Bayer, the plaintiff below and appellant here, filed an adversary proceeding in the Bankruptcy Court for the District of Nebraska claiming that the hogs, and therefore their proceeds, belonged to him, and not to the bankrupt estate. The defendants in the adversary proceeding were the trustee of the debtors’ estate, who had in his possession the proceeds of the sale of the hogs, and the First National Bank of Bellevue, Nebraska, which claimed a security interest in the hogs given to it by the debtors. The question presented, at bottom, was whether Bayer or the debtors owned the hogs. If the debtors owned them, the bank’s security interest attached, and it was entitled to the proceeds. The Bankruptcy Court found that the debtors did own the hogs and therefore held in favor of the bank. It awarded the proceeds of the hogs to the bank, after payment of certain expenses and trustee’s fees.
Bayer appealed to the District Court. That court, on its own motion, dismissed the appeal. It construed Bayer’s notice of appeal as an application for leave to appeal from an interlocutory order, and denied the application. Bayer now appeals to this Court, claiming that the order of the Bankruptcy Court was in fact final, that the District Court should not have treated it as interlocutory, and that the District Court should have decided the merits of his appeal.
The appellate jurisdiction of this Court and of the District Court in bankruptcy cases is governed by 28 U.S.C. §§ 1334 and 1293.[1] Under § 1334(a), the District Courts have jurisdiction of appeals from all final judgments, orders, and decrees of bankrupt *486 cy courts.[2] Further, under § 1334(b), district courts may grant leave to appeal from interlocutory orders and decrees of bankruptcy courts. Here, the District Court evidently considered that the order of the Bankruptcy Court was interlocutory. It took the view that that order presented no “uniquely important questions of law [or] extraordinary circumstances,” and therefore denied leave to appeal.
In our view, this was error. The order of the Bankruptcy Court here was a final order. It completely disposed of Bayer’s adversary complaint, which was dismissed with prejudice. It finally determined that the bank, not Bayer, was entitled to the proceeds of the hogs. Nothing remained to be done with respect to any issue raised by Bayer’s complaint. A similar case is Universal Minerals, Inc. v. C.A. Hughes & Co., supra. There, the issue before the Bankruptcy Court was the ownership of a mountain of coal refuse known as the “Cassandra Pile.” The Bankruptcy Court dismissed a complaint in an adversary proceeding, holding that the pile of coal belonged to the debtor’s estate, and not to C.A. Hughes & Co., the plaintiff in the adversary proceeding. On appeal to the District Court, this judgment was reversed on its merits, and the trustee appealed to the Court of Appeals. That Court held that the judgment of the Bankruptcy Court was final, because it “had denied all relief sought in the adversary proceeding .... ” Universal Minerals, Inc., supra, 669 F.2d at 101. Indeed, this case seems to be a fortiori from Universal Minerals, because there the District Court remanded to the Bankruptcy Court for an accounting, whereas here there appears to be no need for an accounting. The order of the Bankruptcy Court fully determines all rights to the proceeds of the hogs.
Neither party has questioned this Court’s jurisdiction to review the judgment of the District Court, but it is our duty to raise and decide that issue on our own motion. That question is governed by 28 U.S.C. § 1293(b), under which we have jurisdiction of appeals from final judgments, orders, or decrees of district courts in bankruptcy cases. Here, the District Court simply denied leave to file an interlocutory appeal. It could be argued, therefore, though no party before us makes the argument, that the District Court order is nonfi-nal, because it does not determine who owned the hogs, but apparently leaves that to be decided, on the appellate level, at some later point. We reject this argument. A similar issue is discussed in In re Marin Motor Oil, Inc., 689 F.2d 445 (3d Cir.1982). There, the Bankruptcy Court denied a motion for leave to intervene. On appeal, the District Court reversed, holding that the appellant was entitled to intervene as of right. On appeal from the District Court, the Court of Appeals held that it had jurisdiction under § 1293(b). It noted first that the order of the Bankruptcy Court, denying a claimed absolute right of intervention, was final under principles customarily applied in interpreting the finality requirement of the general appellate jurisdictional statute, 28 U.S.C. § 1291. Arguably, the Court said, the District Court’s order, which had the effect of granting intervention, was interlocutory only, because it did not decide any question going to the merits, and orders granting intervention are normally not ap-pealable. The Court declined to accept such a narrow view of its jurisdiction under § 1293. Nothing remained for the District Court to do, and a reversal of the judgment of the District Court on the issue of intervention would preclude any further litigation by the party seeking to intervene. Much the same can be said in the case before us. The District Court has finally determined that it lacks jurisdiction of Bayer’s appeal from the Bankruptcy Court. If we were to dismiss this appeal, that issue would be forever concluded, and the issue of the District Court’s jurisdiction would never receive appellate review.
*487 In short, we hold that the order of the Bankruptcy Court was final and that the District Court should have entertained an appeal from it under its obligatory jurisdiction conferred by § 1384(a). We also hold that we have jurisdiction on this appeal to review the question of the District Court’s jurisdiction of the appeal from the Bankruptcy Court. That question depends, as we have explained, on whether the order of the Bankruptcy Court was final. We note that both appellees, by letter to the Clerk of this Court, have conceded that the Bankruptcy Court’s order was final, but we have reached our conclusion independently, since concessions of the parties on questions of jurisdiction are not binding on the Court.[3] The judgment of the District Court is reversed, and the cause remanded to it for a decision on the merits of Bayer’s appeal from the Bankruptcy Court.
It is so ordered.

. These two sections are actually not effective until April 1, 1984, but a transition provision of the Bankruptcy Reform Act vests the district courts and the courts of appeals with the appellate authority they will have after April 1,1984. section 405(c)(2) of the Bankruptcy Reform Act of 1978, 11 U.S.C.A.App. at 137. See Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 100 n. 2 (3d Cir.1981).

. This provision does not apply in circuits which have constituted special bankruptcy appeal panels for review of orders of bankruptcy courts. No such panel exists in this Circuit, nor are there any plans to create one.

. A different situation would be presented if the order of the Bankruptcy Court had been interlocutory, and if the District Court, in response to a notice of appeal, had declined to exercise its discretion under § 133.4(b) to consider the appeal. Whether or.not such an order of the District Court is appealable to this Court is a question we need not reach in the instant case, and as to which we express no view.