786 F.2d 1165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In Re: Babcock Dairy Company of Ohio, Inc., Debtor.
 85-3710
 United States Court of Appeals, Sixth Circuit.
 2/14/86
 
 N.D.Ohio, 46 B.R. 214
 APPEAL DISMISSED
 ORDER
 BEFORE: MARTIN, KRUPANSKY and GUY, Circuit Judges.
 
 
 1
 Plaintiff-appellee moves for dismissal of defendant-appellant's appeal. Defendant-appellant has filed a response in opposition and a supplemental memorandum.
 
 
 2
 This matter had its genesis in a Chapter 7 case, In re Babcock Dairy Co. of Ohio, Inc. (Bacock). Plaintiff-appellee Michigan Milk Producers Association (MMPA) which claims that it is one of Babcock's secured creditors with a claim of over $3,000,000 filed an adversary proceeding in the bankruptcy court against defendant-appellant Babcock's trustee (the trustee). MMPA asked the court to determine its rights as a secured creditor. The trustee disputed MMPA's secured creditor status and filed a counter-claim alleging that the supply agreement between MMPA and Babcock violated the Sherman Act. The trustee subsequently filed and the district court granted a motion to have the adversary proceeding withdrawn from the bankruptcy court pursuant to 28 U.S.C. Sec. 157(d).
 
 
 3
 While the adverary proceeding was pending in the district court, MMPA, the trustee and the First National Bank of Toledo entered into a stipulation to enable MMPA to collect Babcock's accounts receivable. Under the terms of the stipulation, MMPA was to escrow the amounts collected from Babcock's customers until the payments received equaled each customer's outstanding account balance as of April 14, 1984. MMPA inadvertently deposited amounts into escrow in excess of what was required under the stipulation. MMPA filed a motion for recovery of the overpayments, which the district court granted. The trustee's motion for reconsideration and for a stay were denied. He appealed.
 
 
 4
 In support of dismissal of the appeal, MMPA argues that the district court's order is not a final decision under 28 U.S.C. Sec. 1291 or under the exception established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). In opposition to dismissal, the trustee argues that the district court's decision is appealable under Cohen and under Forgay v. Conrad, 47 U.S. 201 (1848).
 
 
 5
 Upon consideration of all of the papers before the Court, we conclude that this case must be dismissed because the district court's order is not final. Generally, a final order or decision is 'one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the case save to superintend, ministerially, the execution of the decree. City of Louisa v. Levi, 140 F.2d 512 (6th Cir. 1944); Donovan v. Hayden, Stone, Inc., 434 F.2d 619 (6th Cir. 1970). Although an order in a bankruptcy case does not have to dispose of all aspects of the case in order to be final, it must conclusively determine the dispute. American Colonial Broadcasting Corp., 758 F.2d 794, 801 (1st Cir. 1985).
 
 
 6
 In an adversary proceeding there is no final order and no appellate jurisdiction if the court's order fails to dispose of all issues raised therein. In the Matter of King City Transit Mix, Inc., 738 F.2d 1065, 1066-67 (9th Cir. 1984); In re Bestmann, 720 F.2d 484 (8th Cir. 1983); Universal Minerals, Inc. v. C. A. Hughes & Co., 669 F.2d 98 (3d Cir. 1981). An order which only disposes of some intervening matter related to the dispute is interlocutory. In re American Colonial Broadcasting Corp., supra. Since none of the parties' claims and counter-claims were disposed of in the district court's order, the order lacks finality.
 
 
 7
 The district court's order is also not appealable under Cohen. Under Cohen, supra, 337 U.S. at 346, an interlocutory order is appealable if: (1) it conclusively determines a claim that is essentially unrelated to the merits of the action; (2) it presents an important and unsettled question of law; and (3) it involves a right that cannot be vindicated on appeal from the final judgment. The instant case clearly satisfies the first requirement. It is equally clear that it does not satisfy the second and third requirements. The only issue decided by the court was that regardless of the outcome of the adversary proceeding, MMPA was entitled to recover amounts that it inadvertently paid into escrow. This decision does not raise any serious or unsettled question that this Court needs to answer. Furthermore, the trustee will not be irreparably harmed if he has to wait until after the district court enters a final judgment in the adversary proceeding to appeal.
 
 
 8
 Finally, Forgay v. Conrad, supra has no application herein because there is no possibility of irreparable injury to the trustee if an immediate appeal is not allowed.
 
 
 9
 It is ORDERED that the motion to dismiss be granted.