**In re JEANNETTE CORPORATION.**

**Appeal of GOLDSTEIN & MANELLO.**

**No. 87–3112.**

United States Court of Appeals,
Third Circuit.

Argued Aug. 19, 1987.
Decided Oct. 30, 1987.

William M. Wycoff (argued), Julie A. Maloney, Thorp, Reed & Armstrong, Pittsburgh, Pa., for appellants.

Douglas A. Campbell (argued), David P. Braun, Campbell & Levine, Pittsburgh, Pa., for appellee.

Before GIBBONS, Chief Judge, WEIS, Circuit Judge, and KELLY,[*] District Judge.

## OPINION OF THE COURT

WEIS, Circuit Judge.

This appeal challenges a district court's affirmance of a bankruptcy judge's order finding that counsel had violated Fed.R. Civ.P. 11 as well as Bankruptcy Rule 9011 and directing that a hearing be held to determine whether sanctions should be imposed. We conclude that because sanctions have not been fixed, the order is interlocutory and nonappealable. Likewise, the affirmance of the bankruptcy judge's order denying the debtor's motion to compel performance of certain actions by the trustee is nonappealable.

The orders appealed from are part of a long-running Chapter 11 proceeding but the jurisdictional issues presented to us are narrow. After an extensive hearing, the bankruptcy judge decided that the firm of Goldstein and Manello, counsel for debtor Jeannette Corporation, had filed a motion that was "patently in violation of Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Bankruptcy Rules." The court stated: "It is hereby ordered, adjudged and decreed that a further hearing shall be scheduled by and at the convenience of the Court to determine what, if

---

[*] The Honorable James McGirr Kelly, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

any, sanctions shall emanate as a result of this Memorandum Opinion and Order."

Before the bankruptcy judge could convene further proceedings, the debtor's attorney filed an appeal in the district court, as well as an appeal from the related order denying a motion to compel the trustee to perform certain duties. The district court affirmed both orders. The debtor's counsel appeals the affirmance of both the sanction order and the denial of the motion to compel.

■ The parties assert that we have appellate jurisdiction under 28 U.S.C. § 158(d) (Supp. III 1985). Despite this concession, however, we have a duty to raise the issue of jurisdiction sua sponte. *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 537 n. 1 (3d Cir.1985). *See also Cannon v. Hawaii Corp.*, 796 F.2d 1139 (9th Cir.1986).

■ The appealability of orders issued by bankruptcy judges is governed by 28 U.S.C. § 158 (Supp. III 1985). Section 158(a) authorizes district courts to hear appeals from "final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." Section 158(d) provides that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsection[ ] (a)."

The statutory language clearly authorizes the district courts to grant leave to hear appeals from interlocutory orders. It is equally plain that no such power is granted to the courts of appeals; rather, our jurisdiction is limited to final orders and judgments.

In the past we have observed that the unique considerations attendant to bankruptcy appeals permit us to be "somewhat less concerned about the dangers of interpreting finality in appeals under section 1293(b) [1] [in a manner] slightly more broadly than in appeals under section 1291." *Moxley v. Comer (In re Comer)*, 716 F.2d 168, 171 (3d Cir.1983), quoting *Official Unsecured Creditors' Comm. v. Michals*, 689 F.2d 445, 449 (3d Cir.1982), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983). That approach addresses such pragmatic considerations as the waste of time and resources that would result if review of discrete portions of the proceedings were delayed until after approval of a plan of reorganization. *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir.1985). Although this liberal construction explains the statute's underpinnings, it does not apply in situations unrelated to the special needs of bankruptcy litigation.

Moreover, as *Comer* observed, the language of § 158(d) does not permit this court to review the district court's disposition of an appeal from a purely interlocutory order of the bankruptcy judge. Unless the order submitted to the district court is final, section 158(d) will not allow an appeal to this court. *Comer*, 716 F.2d at 172. *See also Four Seas Center, Ltd. v. Davres, Inc.*, 754 F.2d 1416, 1418 (9th Cir. 1985). *Cf. TCL Investors v. Brookside Savings & Loan Ass'n*, 775 F.2d 1516 (11th Cir.1985); *Bayer v. Nicola*, 720 F.2d 484 (8th Cir.1983).

In a non-bankruptcy case, *Becton Dickinson & Co. v. District 65, UAW*, 799 F.2d 57 (3d Cir.1986), we declined to review an order of the district court which granted counsel fees but had not yet reduced the award to a specific figure. In doing so, we reaffirmed our earlier rulings that, until fixed in amount, an award of attorney's fees is not a final order for purposes of appeal. *See United States v. Sleight*, 808 F.2d 1012, 1015 (3d Cir.1987). In *Sleight*, we recited our concerns about duplicative expenditures of time and resources in coping with separate appeals initially from the award of fees and later from the calculation of the amount.

---

**1.** 28 U.S.C. § 1293(b), the predecessor statute to § 158(d), was repealed by the Bankruptcy Act Amendments of 1984. The two provisions contain precisely the same language. This court discussed the statutory change in In re Amatex Corp., 755 F.2d 1034, 1036–38 (3d Cir.1985).

■ The same analysis applies here, and is not affected by the liberality otherwise extended to appealability of bankruptcy orders. Inefficient use of judicial resources is as objectionable in bankruptcy appeals as in any other field. *See In re: Meyertech Corp.,* 831 F.2d 410 (3d Cir.1987). Accordingly, we will apply the same reasoning to reject appeals from bankruptcy orders imposing sanctions when the amount or the form of sanction has not yet been determined.

■ We therefore conclude that the order appealed from here lacks finality.[2] If the sanctions are to be an assessment of counsel fees or expenses, they must be fixed before the order is final and appealable. Indeed, in this case, the order of the bankruptcy judge does no more than announce a violation and a plan to schedule another hearing to decide whether sanctions will be imposed. Even construing this very preliminary order as evidencing an intention to impose a monetary penalty, the element of finality is absent. We therefore conclude that the appeal from the affirmance of the order on sanctions must be dismissed.

■ The debtor's counsel also appeals the district court's denial of his motion to compel the trustee to perform certain duties counsel alleges were necessary for the preparation of a plan for reorganization. Specifically, the debtor's counsel wished the trustee to: (i) account for all property received and disposed of; (ii) examine proofs of claims and file necessary objections; (iii) provide certain information to the debtor; (iv) prepare a plan for reorganization; (v) file tax returns; (vi) file periodic operating reports; (vii) complete an accounting with an affiliated debtor; (viii) comply with fee application requirements; and (ix) perform other duties required of a trustee. The bankruptcy judge denied the motion, finding that the debtor's

counsel had adequate information and that the trustee had properly performed his duties to that point.

The motion at issue parallels and may be considered in the same category as a request for discovery. The order of the district court does not dispose of a claim or cause of action; it only acts to guide the parties toward resolution of the substantive issues in the case. Clearly, if in the course of litigation further action or additional information from the trustee is required, the bankruptcy judge is free to direct appropriate action. The denial of a motion filed by the debtor's counsel amounts to nothing more than a step along the way to final disposition; thus it is interlocutory.

In civil litigation, discovery orders are, with rare exception, non-appealable. *See Borden Co. v. Sylk,* 410 F.2d 843, 845–46 (3d Cir.1969). A similar approach applies in bankruptcy cases. *See International Horizons, Inc. v. Committee of Unsecured Creditors,* 689 F.2d 996, 1000–01 (11th Cir. 1982) (absent finding of contempt, bankruptcy court order compelling production of privileged documents held interlocutory and non-appealable). *See also* 1 Collier on Bankruptcy § 3.03[6][b] (L. King 15th ed. 1987). The denial of the motion to compel in the case at hand is not final and hence not appealable to this court.

Accordingly, the appeal will be dismissed.

---

2. As in *Holtzman,* this appeal does not present the necessity for adopting "a rule that would allow immediate appellate review of *any* sanc-

tion order imposed upon counsel." *Holtzman,* 775 F.2d at 539. Consequently, we take no position on that issue at this time.