**In re ELSINORE SHORE ASSOCIATES, d/b/a the Atlantic Casino Hotel, Elsinore of Atlantic City, Elsinore of New Jersey, Inc., Elsub Corporation, and Elsinore Finance Corporation.**

**Civ. A. No. 88–88(SSB).**

United States District Court, D. New Jersey.

Feb. 3, 1988.

Meranze & Katz by Bernard N. Katz, Michael N. Katz, Cherry Hill, N.J., and Lashner, Victor & Maschmeyer by Melvin Lashner, Philadelphia, Pa., for appellants.

Crummy, Del Deo, Dolan, Griffinger & Vecchione by Michael R. Griffinger, Newark, N.J., and Weil, Gotshal & Manges, New York City, for debtor and debtor in possession.

Alan I. Gould, Wildwood, N.J., for Unsecured Creditors' Committee.

McCarter & English by Amelia H. Boss, Cherry Hill, N.J., for Playboy Enterprises, Inc.

BROTMAN, District Judge:

## I. INTRODUCTION

This matter arises out of the reorganization proceedings under Chapter 11 of the

Bankruptcy Code of Elsinore Shore Associates, ["ESA"], the owner of the Atlantis Hotel and Casino ["Atlantis"] in Atlantic City, New Jersey. Presently before the court is the application of the Hotel Employees and Restaurant Employees Union ["H.E.R.E."] International Pension Plan, the H.E.R.E. Welfare Fund, and the H.E.R.E. Local 54 Severance Funds [hereinafter collectively referred to as "appellants"], unsecured creditors in this proceeding, for an expedited hearing on an appeal from the order of the Honorable Rosemary Gambardella approving debtors' Third Amended Disclosure Statement. For the reasons set forth below, appellants' application is denied.

## II. FACTS AND PROCEDURE

The bankruptcy proceedings in this case began on November 13, 1985, when Playboy Enterprises, Inc., the previous owner of the Atlantis from whom ESA had purchased the casino, filed an involuntary petition in bankruptcy against ESA in the United States Bankruptcy Court for the District of New Jersey. The following day, ESA filed a voluntary petition for Chapter 11 relief in the same court.

The procedural facts that give rise to the current appeal began on August 17, 1987, when the debtors, ESA, Elsinore of Atlantic City, Elsinore of New Jersey, Inc., Elsbub Corporation and Elsinore Finance Corporation submitted a disclosure statement, pursuant to section 1125 of the Bankruptcy Code, 11 U.S.C. § 1125. This disclosure statement was subsequently amended and resubmitted along with the debtors' Second Amended Joint Plan of Reorganization. On November 24, 1987, a hearing on the adequacy of the disclosure statement was held, during which objections were made and testimony taken regarding the substance of the disclosure statement.

On December 1, 1987, after further hearings on the disclosure statement, Judge Gambardella ordered that certain modifications be made to the statement. On December 7, 1987, a Third Amended Disclosure Statement was filed by debtors, accompanying debtors' Third Amended Joint Plan of Reorganization. Again, objections were filed. Among those objections lodged by appellants were charges of conflicts of interest on the part of ESA management, which led to inaccuracies in the disclosure statement regarding the liquidation analysis alternative to the reorganization plan.

On December 23, 1987, a hearing was held on the Third Amended Disclosure Statement during which no further testimony was taken. After the hearing, Judge Gambardella issued an order approving the Third Amended Disclosure Statement, and setting down January 28, 1988 as the date for a confirmation hearing on the Third Amended Plan of Reorganization. The date of the confirmation hearing was subsequently changed to February 8, 1988.

Appellants now appeal from Judge Gambardella's order approving the Third Amended Disclosure Statement, and seek an expedited hearing so that the merits of their application may be addressed prior to the confirmation hearing on the reorganization plan. This court convened a scheduling conference on January 15, 1988, at which the court directed the parties to submit briefs addressed to two issues: (1) whether this court has jurisdiction to hear an appeal from an order of the bankruptcy court approving a disclosure statement; and, if so, (2) whether an expedited hearing on the appeal in question is warranted.

## III. DISCUSSION

**(A) Whether This Court Has Jurisdiction to Hear an Appeal from Judge Gambardella's Order Approving the Third Amended Disclosure Statement.**

28 U.S.C. § 158(a) provides in pertinent part:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges under Sect. 157 of this title....

Appellants do not contend that Judge Gambardella's order approving the Third

Amended Disclosure Statement is an interlocutory order from which they have been granted leave to appeal. Consequently, the dispositive question on the issue of this court's jurisdiction to hear the present appeal is whether the decision approving the Third Amended Disclosure Statement was a final order of the Bankruptcy Court.

The Third Circuit Court of Appeals has noted that "the unique considerations attendant to bankruptcy appeals" allow for a broader interpretation of the finality of orders than that normally applied to appeals pursuant to 28 U.S.C. § 1291 (the section which provides for appeals from final decisions of district courts). *In re Jeannette Corp.*, 832 F.2d 43, 45 (3d Cir.1987). *See also In re Comer*, 716 F.2d 168, 171 (3d Cir.1983). This more liberal treatment of the concept of finality in the bankruptcy context "addresses such pragmatic considerations as the waste of time and resources that would result if review of discrete portions of the proceedings were delayed until after approval of a plan of reorganization." *In re Jeannette*, 832 F.2d at 45, *citing In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir.1985). And while these comments which counsel a less mechanical approach to the issue of appealability of orders of the bankruptcy courts were made by the Court of Appeals in evaluating its own appellate jurisdiction, this court believes that the same "pragmatic considerations" mentioned by the Court in *In re Jeannette* and *In re Amatex* should guide the analysis of this court's jurisdiction over the present appeal.

■ As conceded by the parties, there is a split of authority on the issue of whether a decision approving a disclosure statement prior to a confirmation hearing is a final appealable order. *Compare In re Waterville Timeshare Group*, 67 B.R. 412, 413 (Bankr.D.N.H.1986) (". . . approval of a disclosure statement is an interlocutory action in the progress of a Chapter 11 reorganization effort leading to a confirmation hearing at which all parties have ample opportunity to object to confirmation of the plan.") *with In re Snyder*, 56 B.R. 1007, 1010 (D.Ind.1986) (". . . an order approving a disclosure statement is appealable by a party in interest."); *In re Texas Extrusion Corp.*, 68 B.R. 712 (N.D.Texas 1986) (same). Nonetheless, this court believes that under the pragmatic approach enunciated by the Third Circuit, the order in question is clearly interlocutory.

■ First of all, the validity of a disclosure statement is not a discrete issue which in and of itself will determine the rights and liabilities of the parties concerned. On the contrary, under § 1125 of the Bankruptcy Code, approval of a disclosure statement is merely a condition precedent to the solicitation of an acceptance or rejection from the creditors of a proposed reorganization plan. 11 U.S.C. § 1125(b).

Consequently, the delay which would ensue in the case at bar if this court refuses to hear the present appeal would consist of only the short period of time that would elapse between the issuance of this opinion and order and the February 8, 1988 confirmation hearing. Indeed, a decision by the court to entertain appellants' application at this time would probably cause rather than avoid delay in the proceedings, since a review of the bankruptcy court's order approving the disclosure statement would inevitably require imposing a stay of the confirmation hearing until the merits could be fully addressed. Moreover, should the reorganization plan not receive approval at the confirmation hearing, this court's determination of the adequacy of the disclosure statement would be rendered moot.

Furthermore, hearing appellants' objections to the disclosure statement at this time would not conserve resources. The printing and circulation of the Third Amended Disclosure Statement has already been completed. As a matter of fact, prolonging this appeal process before all views and objections have been aired at the confirmation hearing, and before a final determination of confirmation or non-confirmation has been made, will merely involve added time, effort and expense for all concerned.

Under these circumstances, this court views the decision of Judge Gambardella approving the Third Amended Disclosure

Statement as an interlocutory order from which appellants have no right of appeal. Accordingly, appellants' application is denied.[1]

An appropriate order will be entered.

1. Because the court finds that it does not have jurisdiction over the present appeal, the second issue briefed by the parties—whether an expedited hearing on this appeal is warranted—need not be addressed.