OPINION OF THE COURT
GREENBERG, Circuit Judge.
I. BACKGROUND
The French and Pickering Creeks Conservation Trust (“Trust”) appeals from an order of the district court entered March 21, 2001, dismissing its appeal to the district court from the bankruptcy court for want of jurisdiction in accordance with the district court’s March 20, 2001 memorandum opinion concluding that the appeal to it was untimely.[1] The debtors in the underlying bankruptcy ease, Ronald L. Na-tale and Janet L. Natale, brought this adversary proceeding against the Trust asserting that the Trust held a judgment lien against the debtors’ real estate in Chester County, Pennsylvania, that was impairing their exemption in their real estate. The debtors further alleged that the value of the real estate was less than the amount owed to First Financial Savings Bank and that “First Financial Savings Bank’s [and], Commercial Credit Corporation’s [mortgage liens] and real estate tax liens are all superior to that of [the Trust’s] lien.” App. at 19. The debtors requested that the bankruptcy court find that the Trust’s lien was “unsecured and void” and that the Trust’s provable claim was unsecured. The bankruptcy court docketed this proceeding as Adversary No. 99-0231.
The dispute is an outgrowth of the debtors’ action in constructing a residence on the property in violation of a recorded covenant that the Trust, the property’s previous owner, placed on the property precluding the. construction. The financial institutions held mortgages on the property that were recorded after the restriction had been .placed on the property. Following extensive litigation, the state courts enforced the covenant and required the demolition of the residence. In the litigation, the Trust obtained a $100,000 judgment to effect its removal if the debtors failed to do so.[2] . The judgment was entered after the financial institutions recorded their mortgages.
Adversary No. 99-0231 came on before the bankruptcy court on the Trust’s motion to dismiss, which the court converted into a motion for summary judgment. The bankruptcy court partially resolved the matter in a comprehensive opinion dated August 26, 1999, in which it concluded:
The Court finds no merit to the contention of the Trust that the judicial lien it acquired in 1998 should be accorded priority superior[1] to the mortgages recorded in 1990 and 1992. Summary judgment on the. issue of lien priority is ■ thus granted in favor of the Debtors and *377 against the Trust. Another hearing will be scheduled to determine any outstanding issues, such as the value of the property and the avoidance of liens on personal property.
App. at 82. The court simultaneously entered the following order on August 26, 1999, implementing its opinion:
AND NOW, this 26th day of August, 1999, pursuant to the Order dated July 6,1999, converting the motion to dismiss filed by French & Pickering Creeks Conservation Trust, Inc., into a motion for summary judgment, and following the receipt and consideration of briefs filed pursuant to that order, it is ORDERED and DECREED that summary judgment is GRANTED in favor of the Debtors and against the defendants on the issue of the priority of the Defendants’ judicial lien on the Debtors’ real property in East Vincent Township, Chester County Pennsylvania. The Court FINDS and DECLARES that the Defendants’ judicial lien does not relate back to the restrictive covenant in the deed to the premises and instead occupies a priority position behind the mortgages held by First Financial Savings Bank and Commercial Credit Corporation.
A further evidentiary hearing in this matter to consider any remaining issues extant in this adversary proceeding, including specifically valuation of the subject realty and the extent, if any, to which the lien of the Defendant may be avoidable under 11 U.S.C. § 506 is hereby scheduled for September 16, 1999 at 10:00 a.m., United States Bankruptcy Court, 900 Market Street, 2nd Floor, Courtroom No. 4, Philadelphia, Pennsylvania, 19107.
App. at 83-84. None of the parties appealed from the August 6,1999 order when it was entered.
The court subsequently consolidated Adversary No. 99-0231 with Adversary No. 99-0524 in which the debtors sought an order determining the secured status of First Financial’s mortgage lien and sought to avoid the lien under 11 U.S.C. § 506(d) to the extent that it exceeded the value of the real property it encumbered. The court held a hearing in the consolidated matter on November 29, 1999, and in a comprehensive opinion dated January 31, 2000, concluded:
The Court finds the value of the subject property to be $102,422.00. Based on the foregoing, the Court concludes in Adv. Proc. No. 99-524 that FFSB’s mortgage lien, stipulated here to be in the amount of $206,073, is completely unsecured under Code § 506(a), and is thus void as a lien against the Debtor’s share of the property under Code § 506(d). In Adv. Proc. No. 99-231, because the Debtors’ exemption in the real estate is completely impaired, the Trust’s judgment lien may be avoided under Code § 522(f).
App. at 68. The court simultaneously entered the following order on January 31, 2000, implementing the opinion:
AND NOW, this 31st day of January, 2000, upon consideration of the above captioned adversary proceedings brought by the Debtors, the answers filed by the Defendants, and further, upon consideration of the evidence presented at a consolidated trial of both matters held on November 29, 1999, and the post-trial submission of the parties, it is, for the reasons stated more fully in the accompanying Opinion, hereby
ORDERED, that judgment is entered in favor of the Debtor and against defendant First Financial Savings Bank, PASA (“FFSB”), in Adv.Proc. No. 99-0524, determining the mortgage lien of FFSB is completely unsecured under *378 Code § 506(a), and is thus void as a lien against the Debtor’s share of the property under Code § 506(d), and it is further
ORDERED, that judgment is entered in favor of the Debtor and against defendant French & Pickering Creeks Conservation Trust Inc., in Adv.Proc. No. 99-0231, determining that because the Debtors’ exemption in the real estate is completely impaired, the Trust’s judgment lien is void under Code § 522(f).
App. at 69-70. The January 31¡ 2000 opinion and order concluded Adversary Nos. 99-0231 and 99-0524.
The Trust then filed an appeal on February 9, 2000, to the district court pursuant to 28 U.S.C. § 158(a)(1) from the bankruptcy court, which would be timely if its timeliness were measured from January 31, 2000.[3] Nevertheless, the Trust undoubtedly intended the appeal to challenge substantively only the August 26, 1999 order for, as it explains in its brief, the notice of appeal to the district court “referenced the Order determining that -the Trust’s judgment lien was junior to the Bank’s lien.” Br. of appellant at 5.
The district court set forth its reasons for dismissing the appeal in the memorandum opinion dated March 20, .2001. It explained that Fed.R.Bankr.P. _ 8002(a) required that a notice of appeal be filed within ten days of the entry of the order from which the appeal has been taken. It set forth that the August 26, 1999 summary judgment granting priority to the mortgage lien over the Trust’s judgment lien was “a final order of the Bankruptcy Court and was the only order referenced in the Trust’s notice of appeal”. Thus, in the district court’s view, it was required to measure the time for appeal from August 26, 1999, and, accordingly, the appeal was too late as it was filed on February 9, 2000. Consequently, the court did not have jurisdiction. The Trust then appealed to this court. We exercise plenary review on this appeal. See Shareholders v. Sound Radio, Inc., 109 F.3d 873, 878-79 (3d Cir.1997).
II. DISCUSSION
Citing In re Saco Local Development Corp., 711 F.2d 441, 444-46 (1st Cir.1983), the debtors urge that “[a] decision affecting the priority of a creditor’s claim in a bankruptcy case has historically been considered a discrete event warranting immediate review.” Br. of appellees at 7. Thus, they contend that the district court correctly measured the timeliness of the Trust’s appeal from the August 26, 1999 starting date. But Saco does not set forth the controlling principle here, for In re White Beauty View, Inc., 841 F.2d 524, 526 (3d Cir.1988) (emphasis added), we explained:
We interpret finality pragmatically in bankruptcy cases because these proceedings often are protracted and involve numerous parties with different claims. To delay resolution of discrete claims until after final approval of a reorganization plan, for example, would waste time and resources, particularly if the appeal resulted in reversal of a bankruptcy court order necessitating reappraisal of the entire plan. See [Walsh Trucking Co. v. Insurance Co. of N.Am., 838 F.2d 698, 701 (3d Cir.1988); In re Brown, 803 F.2d 120, 123 (3d Cir.1986); In re Comer, 716 F.2d 168, 172 (3d Cir.1983).]
Despite that relaxed view of finality in the bankruptcy setting as a whole, the *379 general antipathy toward piecemeal appeals still prevails in individual adversary actions. As we commented in [In re Jeannette Corp., 832 F.2d 43 (3d Cir.1987)], inefficient use of judicial resources is as objectionable in bankruptcy appeals as in other fields. Jeannette, 832 F.2d at 46. See [In re The Charter Co., 778 F.2d 617, 621 (11th Cir.1985)] (the particular adversary proceeding must be finally resolved, rather than the entire bankruptcy litigation); [In re Fox, 762 F.2d 54, 55 (7th Cir.1985)] (proceeding to establish claim against bankrupt estate is final for purposes of appeal when completed, even though the bankruptcy continues).
Following that reasoning, we have deemed final an order of the bankruptcy judge expunging a creditor’s claim, Walsh, 838 F.2d at 701, and an order lifting the automatic stay subjecting real property to immediate foreclosure, Comer, 716 F.2d at 172. However, we have refused to consider final an order of the bankruptcy court finding the debtor’s attorneys subject to sanctions but not determining the amount or form of the penalty. Jeannette, 832 F.2d at 46. Nor is an order final when it upholds liability, but does not fix the amount of damages. Fox, 762 F.2d at 55. Thus, in assessing the finality of a bankruptcy court order adjudicating a specific adversary proceeding, we apply the same concepts of appealability as those used in general civil litigation. E.g., In re Smith, 735 F.2d 459, 461 (11th Cir.1984) (denial of summary judgment by a bankruptcy judge is not a final order).
Accordingly, whatever might be true in other circumstances as to the appealability upon its entry of an order making a priority determination, the Trust could not have appealed as of right from the August 26, 1999 order until after the entry of the order in Adversary Nos. 99-0231 and 99-0524 concluding the adversary proceedings on January 31, 2000, as the August 26, 1999 order did not conclude Adversary No. 99-0231.[4] See In re Professional Ins. Mgmt., 285 F.3d 268, 281 (3d Cir.2002) (“[A] bankruptcy court order ending á separate adversary proceeding is appealable as a final order even though that order does not conclude the entire bankruptcy case.”) (internal quotation marks omitted); In re Durability, Inc., 893 F.2d 264, 266 (10th Cir.1990) (per curiam) (holding that a bankruptcy court’s partial summary judgment order that established the priority of one creditor relative to another but did not completely resolve the particular adversary proceeding was interlocutory in nature, and therefore not directly appeal-able); In re Compton Corp., 889 F.2d 1104, 1106 (Em.App.1989) (“[U]ntiLall of the significant elements of a claim are determined in the adversary proceeding between the trustee and the [claimant], the final disposition of the priority issue alone is insufficient for a final order to exist.”); cf. Bethel v. McAllister Bros., Inc., 81 F.3d 376, 381 (3d Cir.1996) (“With limited exceptions, we will not entertain an appeal unless the district court’s order ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.”) (internal quotation marks omitted). Accordingly, inasmuch- as the Trust could not have appealed as' of right until after entry of the January 31, 2000 *380 order, its appeal to the district court was timely.
Saco is not contrary to the result we reach. Saco held that in the circumstances there, a determination that a claim was entitled to priority under 11 U.S.C. § 507(a)(4) was final and thus appealable even though the court doubted that in a nonbankruptcy context it would have reached that result, as the determination was of only a small part of the overall liquidation proceedings and the order did not determine the dollar amount of the claim receiving priority. See Saco, 711 F.2d at 443 Thus, in a nonbankruptcy situation, the priority determination would not have been considered as resolving a complete “judicial unit.” Id. at 442-44. The court nevertheless held that the order was final and appealable because “an order allowing a claim or priority effectively settles the amount due the creditor, ... even if the claim or priority may be reduced by other claims or priorities.” Id at 448. Accordingly, the Saco court regarded the priority determination as having resolved a complete judicial unit in the bankruptcy context.
Saco is plainly distinguishable. In this case the parameters of Adversary No. 99-0231, and after the consolidation, the parameters of both adversary proceedings established the scope of the judicial unit for, as we held in White Beauty, “in assessing the finality of a bankruptcy court order adjudicating a specific adversary proceeding, we apply the same concepts of appealability as those used in general civil litigation.” White Beauty, 841 F.2d at 526. The Saco court did not indicate that the determination appealed there was part of a single, more expansive adversary proceeding.[5] This distinction is critical, for in ordinary civil litigation the August 26,1999 order would not have been regarded as final when entered as it did not resolve all issues within adversary No. 99-0231, which constituted the relevant judicial unit. Saco, moreover, is different as the court of appeals made clear that the impediment to finality there, aside from the usual considerations present in bankruptcy proceedings attributable to their ongoing character, was the effect of litigation being pursued by other creditors on the amount or priority of the creditor’s claim being advanced in Saco. Saco simply did not address a situation such as that here involving the scope of an ongoing adversary proceeding when it is asserted that an order is final and appealable with issues still extant in the adversary proceeding.
III. CONCLUSION
For the foregoing reasons, we will reverse the district court’s March 21, 2001 order and will remand the matter to that court for further proceedings in which it will consider the Trust’s appeal on its merits.

. Lester W. Schwartz, who apparently is associated with the Trust, was also a party in the bankruptcy court which treated him as part of the Trust. He, however, has not joined in the notice of appeal to this court.

. Ronald L. Natale's parents also acquired the property with the debtors, and were parties in the state court litigation. It is not necessary, however, for purposes of this opinion to refer to them further.

. Section 158 also permits certain interlocutory appeals to the district courts, but those provisions are not implicated here.

. On August 26, 1999, Adversary No. 99-2031 had not yet been consolidated with Adversary No. 99-0524. Consequently, if the August 26, 1999 order had concluded Adversary No. 99-0231 it might well have been appealable at that time. However, inasmuch as the order did not conclude the adversary proceeding, we cannot make a definitive ruling- on that point. ■

. Indeed, the opinion in Saco has been understood as involving a situation in which the "bankruptcy court order end[ed] a separate adversary proceeding.” In re Moody, 817 F.2d 365, 367 (5th Cir.1987).