

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2005

# Kozlowski v. Scura

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3595

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kozlowski v. Scura" (2005). *2005 Decisions.* Paper 838.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/838

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3595

———

THEODORE KOZLOWSKI,
                              Appellant

v.

JOHN SCURA; RAFAEL MARTE;
ELIZABETH MARTE

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 04-cv-02005
District Judge:  The Honorable  William J. Martini

———

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2005

———

Before: ROTH, RENDELL, and BARRY, <u>Circuit Judges</u>

———

(Opinion Filed July 15, 2005)

———

OPINION

———

BARRY, <u>Circuit Judge</u>

The Bankruptcy Court issued an order on May 2, 2002 imposing sanctions

against Theodore Kozlowski in an amount to be determined in subsequent proceedings.[1] On December 30, 2003, the Bankruptcy Court issued an order fixing the amount of sanctions at $5,800.46, based upon the attorneys' fees, expenses, and/or damages incurred by the Debtors and the Standing Trustee.

On January 8, 2004, Kozlowski filed a notice of appeal. The District Court dismissed the appeal as "procedurally barred, and an untimely attempt to relitigate matters finally adjudicated in Judge Gambardella's May 2, 2002 order." App. 3.

We will reverse. An order imposing sanctions does not become appealable until the court fixes the amount of the sanctions. *See In re Jeanette Corp.*, 832 F.2d 43, 46 (3d Cir. 1987) (holding that "[i]f the sanctions are to be an assessment of counsel fees or expenses, they must be fixed before the order is final and appealable"). Here, the Bankruptcy Court's sanctions award did not become appealable until the amount was fixed on December 30, 2003. Kozlowski's appeal was, therefore, timely.

---

[1]The Bankruptcy Court issued its opinion on April 3, 2002; the corresponding order, however, was not entered until May 2.