NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1310
_____

IMEG CORP, a Delaware Corporation

v.

**SUNIL PATEL, an individual
**(Dismissed pursuant to Court's Order dated 07/08/2021)

*Richard Frey; *Epstein Becker & Green, P.C.,
Appellants

*(Pursuant to Rule 12(a), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 1-20-mc-00111)
District Judge:  Honorable Colm F. Connolly
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 25, 2022
_____

Before:  BIBAS, MATEY, and PHIPPS, *Circuit Judges*.

(Filed:  April 8, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge.*

The District Court sanctioned an attorney and his law firm for taking self-contradictory positions about arbitration in different forums. In federal court, the attorney argued successfully that a dispute had to be arbitrated, but then before the arbitrator, he argued that the controversy belonged in federal court. In addressing that conduct, the District Court first issued an order determining that the conduct was sanctionable under Civil Rule 11(b), and that the attorney and his firm were liable for reasonable attorneys' fees and costs. Then, after the parties submitted briefing, the District Court issued a second order, which fixed the amount of those sanctions at $89,776.52. The attorney and law firm filed a timely notice of appeal from the first order before the second order issued, but they did not appeal the second order.

This case presents a threshold question of final-order appellate jurisdiction under 28 U.S.C. § 1291: does the notice of appeal from the first order confer appellate jurisdiction to challenge the imposition of sanctions? As explained below, the first order was not final and appealable, and thus it cannot serve as a basis for final-order appellate jurisdiction under 28 U.S.C. § 1291. Without another apparent basis for appellate jurisdiction, we will dismiss this case for lack of jurisdiction.

## FACTUAL BACKGROUND

### A.     The Factual Basis for the District Court's Initial Sanctions Order

Through his law firm, Epstein Becker & Green, P.C., Richard Frey represented Sunil Patel in litigation arising out of Patel's alleged involvement in a 'rent-a-vet'

2

scheme. While he was a shareholder and officer at a predecessor corporation to IMEG, Patel allegedly used a disabled veteran as a front man to fraudulently obtain government contracts designated for disabled military veterans. Under the terms of the merger agreement that formed IMEG, IMEG was liable for any fraud Patel committed while with that predecessor corporation.

Accordingly, in initiating a fraud action based on Patel's purported rent-a-vet scheme, the United States Department of Justice sued IMEG. After settling with the Department of Justice, IMEG sought to recover from Patel through a civil suit filed in the Central District of California. On Patel's behalf, Frey moved to dismiss IMEG's complaint on the grounds that the merger agreement required binding arbitration in Wilmington, Delaware. The District Court for the Central District of California granted that motion, ruling that the arbitration clause in the merger agreement encompassed IMEG's claims against Patel.

After that court order, IMEG filed a demand for arbitration against Patel with the American Arbitration Association in Wilmington, Delaware. In that forum, Patel, through Frey, argued that IMEG's claims were not covered by the arbitration clause in the merger agreement. The arbitrator was persuaded by that argument and refused to proceed with arbitration.

Twice foiled by Frey and Patel's contradictory positions on the arbitration clause, IMEG then petitioned to compel arbitration in the District of Delaware under the Federal Arbitration Act. *See* 9 U.S.C. § 4; 28 U.S.C. § 1332(a)(1). On Patel's behalf, Frey

moved to dismiss IMEG's petition, arguing that IMEG's claims were not subject to the arbitration clause in the merger agreement. That filing prompted IMEG to move for sanctions under Rule 11 against Patel, Frey, and Epstein Becker & Green, P.C.

### B. The District Court's Rulings

In resolving the petition to compel arbitration and the sanctions motion, the District Court issued two orders.

After an evidentiary hearing, the District Court issued an order granting IMEG's petition to compel arbitration. As a sanction, that same order required Patel to pay IMEG "reasonable attorneys' fees and costs incurred in filing and briefing [IMEG's] Petition" within thirty days. D. Del. Order ¶ 3 (Jan. 19, 2021) (App. 3–4). As a further sanction, and, in essence a double recovery for IMEG, the order also required Frey and his law firm to pay the same amount to IMEG within thirty days. After issuing that order, the District Court marked the case closed on its docket.

Patel, Frey, and Epstein Becker & Green, P.C. later disputed IMEG's proposal on the amount of sanctions due under the first order. In response, the District Court issued a second order setting the amount of attorneys' fees and costs at $89,776.52.

### C. The Notice of Appeal

After the District Court's first order – but before its second order – Patel, Frey and Epstein, Baker & Green, P.C. filed a joint notice of appeal. None of those parties filed another notice of appeal after the second order was issued. During the pendency of the appeal, Patel settled with IMEG, and this Court dismissed Patel as a party.

4

This Circuit has developed a general rule for the finality of sanctions orders: they are appealable as final orders under 28 U.S.C. § 1291 only after the sanctions amount has been set. *See Napier v. Thirty or More Unidentified Fed. Agents, Emps., or Officers*, 855 F.2d 1080, 1089 (3d Cir. 1988) ("As a general rule, when a district court determines liability before determining the damages amount, the liability determination is not appealable until judgment has been entered on the amount." (citing *In re Jeannette Corp.*, 832 F.2d 43, 45 (3d Cir. 1987))).[1] Thus, a sanctions order is not final simply because a district court has found conduct sanctionable. *See Becton Dickinson & Co.*, 799 F.2d at 61–62; *see also United States v. Sleight*, 808 F.2d 1012, 1015 (3d Cir. 1987) (holding, in the context of an award of restitution, that "[c]onsideration of the propriety of the amount awarded . . . necessarily encompasses the possible ruling that zero dollars should have been awarded").

Under that general rule, Frey and his law firm's joint notice of appeal – which was filed before the amount of sanctions had been set – was premature. And without a subsequent notice of appeal for the second order, this Court lacks appellate jurisdiction over the imposition of sanctions. *See* 28 U.S.C. § 1291.

---

[1] *See also Jeannette Corp.*, 832 F.2d at 46 ("If the sanctions are to be an assessment of counsel fees or expenses, they must be fixed before the order is final and appealable."); *Becton Dickinson & Co. v. Dist. 65, United Auto., Aerospace & Agric. Implement Workers of Am.*, 799 F.2d 57, 61 (3d Cir. 1986) (holding that an award of "reasonable attorneys' fees" is "not final within the meaning of 28 U.S.C. § 1291" if it has "not yet been reduced to a definite amount").

To avoid that outcome, Frey and his law firm argue that this appeal falls outside of the general rule for three reasons. None of them succeed.

First, they invoke the *Grider* exception, which may apply when the amount of unquantified sanctions has been otherwise determined. *See Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 130–33 (3d Cir. 2009). In *Grider*, following an initial unquantified order for sanctions, the parties settled the underlying litigation and agreed on the amount of attorneys' fees to be paid. *See id.* at 130, 133. But here, at the time of the notice of appeal, the amount of the sanctions had not otherwise been set. Rather, it remained for the District Court to determine, and thus the *Grider* exception does not apply. *See Becton Dickinson & Co.*, 799 F.2d at 61 ("Until the amount of attorneys' fees has been set, there remains to be made a decision by the district court.").

Second, Frey and his firm contend that the order imposing sanctions is final and appealable because it was combined with a final order – the order granting IMEG's petition to compel arbitration. While orders *predating* a final judgment may be appealed through a notice of appeal of the final judgment, a notice of appeal does not extend to orders *postdating* the final judgment. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 706 (3d Cir. 1996). Thus, even if the first order compelling arbitration were final and appealable, the notice of appeal of that order would not cover the later order setting the amount of sanctions.

Third, Frey and his firm assert that their notice of appeal of the first order imposing sanctions relates forward to the second order quantifying them. By rule, in

6

some instances a premature notice of appeal can "relate forward to the date that the judgment or order is ultimately entered." *See DeJohn v. Temple Univ.*, 537 F.3d 301, 307 n.3 (3d Cir. 2008) (discussing Fed. R. App. P. 4(a)(2)). But that rule applies only when the first order "*would be* appealable if immediately followed by the entry of judgment." *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991). And, as the Supreme Court has explained, the relate-forward rule does not apply to "a notice of appeal from a clearly interlocutory decision – such as [] a sanction order under Rule 11." *Id.*; *see also Napier*, 855 F.2d at 1089–90; *Jeannette Corp.*, 832 F.2d at 44–46. Thus, the notice of appeal does not relate forward to the second order imposing sanctions.

\* \* \*

For these reasons, the notice of appeal was premature for purposes of disputing sanctions liability, and this case will be dismissed for lack of appellate jurisdiction.