**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2317
_____

JJ BADA OPERATING CORP**

v.

DOKDOYA INC; TAEJUNG KIM; HU LIN CUI; JOHN DOES and JANE DOES 1
Through 5

MICHAEL S. KIMM,*
                              Appellant

(*Pursuant to Rule 12(a), Fed. R. App. P.)

(**Dismissed Pursuant to Court Order dated 09/01/2022)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-19-cv-09194)
District Judge: Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 28, 2024
_____

Before: RESTREPO, MATEY, and MCKEE, *Circuit Judges*

(Filed: April 19, 2024)

_____

OPINION[*]

_____

MATEY, *Circuit Judge*.

Appellant Michael Kimm appeals the District Court's order imposing attorneys' fees, but the parties stipulated to a dismissal of the matter before the District Court. To the extent the dismissal does not moot the pending appeal, we lack jurisdiction. Congress has granted this court jurisdiction over "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. A final decision under this statute is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Weber v. McGrogan*, 939 F.3d 232, 236 (3d Cir. 2019) (internal quotation marks and citation omitted). An order imposing monetary sanctions is not a final decision unless it specifies the amount that the sanctioned party must pay. *See Napier v. Thirty or More Unidentified Fed. Agents, Emps., or Officers*, 855 F.2d 1080, 1089 (3d Cir. 1988); *In re Jeannette Corp.*, 832 F.2d 43, 45 (3d Cir. 1987). The District Court's order does not specify an amount that Kimm must pay, so we lack jurisdiction to hear Kimm's appeal.

Accordingly, we will dismiss this appeal.

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.