804 F.2d 46
 15 Collier Bankr.Cas.2d 983, Bankr. L. Rep. P 71,505
In the Matter of Edward S. CHRISTIAN, a/k/a E. Spencer
Christian, and Diane C. Christian, Debtors-Appellees.
Appeal of UNION CHELSEA BANK.
 No. 85-5783.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 18, 1986.
Decided Oct. 30, 1986.
 
 Frank J. Vecchione, Geraldine E. Ponto (argued), Crummy, Del Deo, Dolan, Griffinger & Vecchione, Newark, N.J., for appellant.
 Robert Baime (argued), Richard D. Trenk, Kenneth Vercammen, Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Roseland, N.J., for debtors-appellees.
 Before SEITZ, SLOVITER and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 Appellant Union Chelsea Bank (the "Bank") appeals from an order of the district court affirming a bankruptcy court order denying the motions of the Bank, the Trustee in Bankruptcy (the "Chapter 7 Trustee"), and other creditors to dismiss under 11 U.S.C. Sec. 707(b) the Chapter 7 petition of debtors Edward S. and Diane C. Christian. As discussed more fully below, this court has jurisdiction to review the district court's order under 28 U.S.C. Sec. 158(d).
 
 
 2
 * On November 26, 1984, the Christians filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. At a subsequent meeting of creditors conducted pursuant to 11 U.S.C. Sec. 341(a), the Bank and other creditors examined the Christians. Based upon the petition and information revealed at the creditors' meeting, the Bank became convinced that granting Chapter 7 relief to the Christians would be a substantial abuse of the Bankruptcy Code.
 
 
 3
 The Bank thereafter moved to dismiss the Christian petition under 11 U.S.C. Sec. 707(b). The Chapter 7 Trustee and other creditors joined in the Bank's motion. The bankruptcy court denied the motions of the Bank, the Chapter 7 Trustee and the other creditors on the ground that the court alone could move to dismiss under Sec. 707(b).
 
 
 4
 Only the Bank appealed the bankruptcy court's order to the district court. That court affirmed the bankruptcy court "in all respects." This appeal followed.
 
 II
 
 5
 As a preliminary matter, this court must consider the Christians' contention that the court lacks jurisdiction to review the district court's order. The Christians argue that the order is interlocutory and therefore not appealable under 28 U.S.C. Sec. 158(d). Section 158(d) grants this court jurisdiction of appeals from all final decisions, judgments, orders and decrees entered by a district court or a bankruptcy appellate panel on appeal from a bankruptcy court.
 
 
 6
 In In re Marin Motor Oil, 689 F.2d 445 (3rd Cir.1982), cert. denied, 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983), the bankruptcy court denied a motion of a creditor's committee to intervene in adversary proceedings instituted by a bankruptcy trustee. The district court reversed and ruled that the committee could intervene. Construing 28 U.S.C. Sec. 1293(b), the predecessor of Sec. 158(d), this court determined that the district court's order was appealable. The court approached finality pragmatically, looking at the effect of the district court's ruling. Id. at 447-49.
 
 
 7
 The same pragmatic approach was followed in In Re Comer, 716 F.2d 168 (3rd Cir.1983), in which this court concluded it had jurisdiction to consider an appeal from a district court order reversing an order of a bankruptcy court refusing to lift an automatic stay. This court noted that effective review of the order could not await final disposition of the case in the bankruptcy court. Id. at 172. See also In Re Amatex Corp., 755 F.2d 1034, 1036-41 (3rd Cir.1985) (allowing appeal under 28 U.S.C. Sec. 1291 from district court order denying appointment of a representative for future claimants in an asbestos textile manufacturer's bankruptcy proceeding).
 
 
 8
 If the order here is not now appealable the entire bankruptcy proceedings must be completed before it can be determined whether they were proper in the first place. We do not view such a resolution as either desirable or practical. In light of Marin Motor Oil, Comer and Amatex, we therefore conclude that the district court's order in this case is a final order under Sec. 158(d). Accordingly, this court has jurisdiction to consider the Bank's appeal.[1]
 
 III
 
 9
 The Bank contends that the district court erroneously affirmed the bankruptcy court's order. We will address the Bank's four arguments in turn.
 
 
 10
 * The Bank first contends that the lower courts erroneously concluded that the Bank lacks standing to move for dismissal under Sec. 707(b). Our review of this legal issue is plenary.
 
 Sec. 707(b) provides:
 
 11
 After notice and a hearing, the court, on its own motion and not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor. (emphasis added)
 
 
 12
 The Bank admits that it is a party in interest within the meaning of Sec. 707(b), but nevertheless argues that it should be permitted to file motions to dismiss under Sec. 707(b).
 
 
 13
 The Bank suggests that the statute is ambiguous and does not preclude creditors from filing Sec. 707(b) motions. It contends that if Congress had intended to preclude a creditor from filing a Sec. 707(b) motion, it would have specifically so stated. The Bank then offers a number of practical reasons for permitting creditors to file Sec. 707(b) motions, including the suggestion that allowing creditors to file these motions makes good sense.
 
 
 14
 We need not evaluate the wisdom of the Bank's suggestions. Indeed, we cannot, because the statute clearly prohibits parties in interest from making Sec. 707(b) motions. Since the statute is plain and unequivocal on its face, and the Bank does not refer to any legislative history indicating that parties in interest are entitled to make Sec. 707(b) motions, the Bank's argument is without merit.[2] Russello v. U.S., 464 U.S. 16, 20, 104 S.Ct. 296, 299, 78 L.Ed.2d 17 (1983).
 
 B
 
 15
 The Bank next argues that the lower courts erred in determining that the Chapter 7 Trustee lacked standing to file motions to dismiss under Sec. 707(b).
 
 
 16
 After the bankruptcy court denied the motions to dismiss of the Bank, the Chapter 7 Trustee, and the other creditors, only the Bank appealed to the district court. The record does not indicate that the Bank asserted standing in the district court to raise the issue of the Chapter 7 Trustee's ability to move for dismissal under Sec. 707(b). Under these circumstances, the right of the Chapter 7 Trustee to move for dismissal under Sec. 707(b) was not before the district court, and is not properly within the scope of the district court's order.
 
 
 17
 Under these circumstances, the Bank's contention will not be considered by this court.
 
 C
 
 18
 The Bank argues that the lower courts erred in concluding that the U.S. Trustee lacked standing to file motions under Sec. 707(b).
 
 
 19
 The motion to dismiss in the bankruptcy court was filed by the Bank and later joined by other creditors and the Chapter 7 Trustee. The U.S. Trustee did not join the motion, and the record does not indicate that any moving party asserted standing to raise the issue of the U.S. Trustee's ability to file a Sec. 707(b) motion. The bankruptcy court's order denies the motions of the Chapter 7 Trustee, the Bank and the creditors, and makes no mention of the U.S. Trustee. Since the right of the U.S. Trustee to file a Sec. 707(b) motion was not decided by the bankruptcy court, that issue was not before the district court on appeal and is not properly within the scope of the district court's order.[3]
 
 
 20
 Under these circumstances, the Bank's contention will not be considered by this court.
 
 D
 
 21
 Finally, the Bank contends that the lower courts erroneously concluded that the motion by the Bank, the other creditors and the Chapter 7 Trustee so tainted the proceedings that the bankruptcy court could not thereafter consider dismissal under Sec. 707(b) sua sponte.
 
 
 22
 In the bankruptcy court, counsel for the Christians suggested that the motions may have tainted the case. The bankruptcy court's opinion indicates that the court believed this would not be an absurd result. "The analogy discussed in oral argument, that the fruits of the tree are tainted, is in fact appropriate in this case." The bankruptcy court did not hold, however, that it would be unwilling to consider dismissal under Sec. 707(b) sua sponte. The order of the bankruptcy court makes no mention of the issue. Since this issue was not decided by the bankruptcy court, it was not before the district court on appeal, and is not properly within the scope of the district court's order.
 
 
 23
 Because the taint issue is not covered by the district court's order, it will not be considered by this court.
 
 IV
 
 24
 The order of the district court affirming the bankruptcy court's denial of the Bank's motion will be affirmed.
 
 
 
 [1]
 The Christians' motion to dismiss the appeal will therefore be denied
 
 
 [2]
 Both houses of Congress have recently taken steps to correct perceived problems with Sec. 707(b)
 Section 223(b) of the Senate version of H.R. 2211 appears to permit the bankruptcy court to consider dismissal under Sec. 707(b) even after a party in interest has moved for dismissal under the section. H.R. 2211, 99th Cong., 2nd Sess., 132 Cong.Rec. S5643, S5649 (daily ed. May 8, 1986). Section 238(a) of the Senate version of the bill would amend the duties of the Chapter 7 Trustee to require him to alert the bankruptcy court to such information as would enable the court to carry out its responsibilities under Sec. 707(b). Id. at S5650. The Senate passed its version of H.R. 2211 on May 8, 1986, 132 Cong.Rec. at S5643 (daily ed. May 8, 1986), and requested the bill be sent to a conference committee, Id. at S5654.
 Section 216 of H.R. 5316 would permit the U.S. Trustee to move for dismissal under Sec. 707(b). H.R. 5316, 99th Cong., 2d Sess., 132 Cong.Rec. H5978, H5981 (daily ed. August 12, 1986). The House passed H.R. 5316 on August 12, 1986. 132 Cong.Rec. at H5990 (daily ed. August 12, 1986). On August 15, 1986, after Senator Thurmond offered an amendment reconfirming the Senate's support for its version of H.R. 2211, the Senate passed H.R. 5316. 132 Cong.Rec. at S11906-07 (daily ed. August 15, 1986). The Senate requested H.R. 5316 be sent to a conference committee, Id. at S11907, and the House agreed on September 9, 1986. 132 Cong.Rec. at H4688 (daily ed. September 9, 1986).
 
 
 [3]
 We note from the transcript that the district court inadvertently extended its ruling to include the U.S. Trustee. Since the U.S. Trustee was not a party to the appeal, this portion of the district court's ruling is a nullity