**In re Robert K. KEMPNER, Debtor.**

**COUNTY BANKING & TRUST COMPANY, Appellant,**

v.

**Robert K. KEMPNER, Appellee.**

Civ. A. No. 93–26–JLL.

Bankruptcy No. 91–660.

United States District Court,
D. Delaware.

March 10, 1993.

Thomas Doyle Runnels, Wilmington, DE, for appellant.

Doreen H. Becker, and Judith R. Reese, of Phillips, Goldman & Spence, P.A., Wilmington, DE, for appellee.

### MEMORANDUM OPINION

LATCHUM, Senior District Judge.

## I. *INTRODUCTION:*

 Creditor County Banking and Trust Company (hereinafter "County" or "Appellant") appeals the Bankruptcy Court's denial of its motion to dismiss the Chapter 7[1] bankruptcy petition of debtor Robert K. Kempner. (Docket Item ["D.I."] 1, Bankruptcy Appeal Record No. 38.) The sole issue on appeal is whether the Bankruptcy Court was required by Bankruptcy Rule 7052 to make findings of fact and conclusions of law when it denied County's motion. This Court has jurisdiction over the present appeal pursuant to 28 U.S.C. § 158(a).[2]

---

**1.** Chapter 7, as it is commonly known, refers to 11 U.S.C. §§ 701–766. Under these sections of the Bankruptcy Code, an individual debtor may obtain a discharge from his or her debts upon liquidation of the property of the bankruptcy estate. Ordinarily, a Chapter 7 liquidation proceeding is commenced by the debtor voluntarily filing a petition. Then a trustee is appointed to manage the debtor's bankruptcy estate. Certain property of the debtor is exempt property and does not become part of the bankruptcy estate but remains with the debtor. Thereafter, the property of the bankruptcy estate is liquidated, the proceeds are distributed to the creditors, and the debtor is discharged from his debts.

**2.** Section 158(a) states that "[t]he district courts ... shall have jurisdiction to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges entered in cases and proceedings...." 28 U.S.C. § 158(a). The order of the Bankruptcy Court denying County's motion to dismiss Kempner's Chapter 7 petition is a final order. *In re Brown,* 916 F.2d 120, 122–24 (3d Cir.1990); *see also Matter of Christian,* 804 F.2d 46, 47–48 (3d Cir.1986) (per Seitz, J.) (Holding that an order denying a creditor's motion to

## II. *BACKGROUND*

On October 16, 1992, County moved to dismiss Kempner's Chapter 7 bankruptcy petition pursuant to 11 U.S.C. § 707(a). (D.I. 1, Bankruptcy Appeal Record No. 31.) Section 707(a) provides as follows:

> The court [i.e., the Bankruptcy Court] may dismiss a case under this chapter only after notice and a hearing and *only for cause including* —
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file ... the information required by paragraph (1) of section 521....

11 U.S.C. § 707(a) (emphasis added). As the text of § 707(a) makes clear, a dismissal of a Chapter 7 petition under that section may be granted only "for cause." Courts interpreting § 707(a) have held that the three grounds "for cause" to dismiss a Chapter 7 petition expressly enumerated in § 707(a) (i.e. (1) unreasonable delay by the debtor that is prejudicial to the creditors; (2) nonpayment of required fees and charges; and (3) failure to file the information required in § 521(1);) are not intended as an exhaustive list. *See In re Zick*, 931 F.2d 1124, 1126–28 (6th Cir.1991) (and cases discussed therein). In addition, a Chapter 7 petition may be dismissed for, *inter alia*, bad faith on the part of the debtor in filing a Chapter 7 petition. "Bad faith may be found when the debtor has a frivolous, noneconomic motive for filing a bankruptcy petition, when there is a sinister or unworthy purpose, or when there is an abuse of the judicial process." 4 Lawrence P. King *et al., Collier On Bankruptcy* ¶ 707.03, at pp. 707–9 to 707–10 (15th ed. 1992).

In its motion to dismiss Kempner's Chapter 7 petition, County alleged that Kempner was concealing assets in an attempt to defraud his creditors. Specifically, County claimed that Kempner was concealing the following assets which he had excluded from his schedule of assets filed with his Chapter 7 petition: (1) a silver coin collec-

tion with a fair market value of $15,000.00; (2) miscellaneous restaurant equipment, including a number of crab steamers and a walk-in refrigerator; and (3) a Dodge van. (D.I. 1, Bankruptcy Appeal Record No. 31 at p. 2.)

Kempner filed a response to County's motion along with an affidavit denying County's allegations. (D.I. 1, Bankruptcy Appeal Record Nos. 34 & 35.) In his affidavit, Kempner stated that he did not own a silver coin collection and that he did not have any ownership interest in the restaurant equipment. He admitted that he drives a Dodge van, but explained that the van is owned by his mother, Carol Kempner Sweeney, and her husband, Thomas Sweeney. Furthermore, Kempner added that he never held title to the van. (D.I. 1, Bankruptcy Appeal Record No. 35.)

On November 30, 1992, the Honorable Joseph L. Cosetti, United States Bankruptcy Judge sitting by designation for the United States Bankruptcy Court for the District of Delaware, held a hearing and denied County's motion to dismiss Kempner's Chapter 7 petition. (D.I. 1, Bankruptcy Appeal Record No. 39.) While Judge Cosetti did not issue a written opinion or memorandum of decision setting forth his conclusions of law and findings of fact, he did rule orally from the bench in denying County's motion and expressly set forth the reasons for his decision. (D.I. 1, Bankruptcy Appeal Record No. 39.) Thereafter, Judge Cosetti issued a written order denying County's motion and requiring the Bankruptcy Trustee to investigate County's allegations regarding the concealed assets and to file a report with the Bankruptcy Court. (D.I. 1, Bankruptcy Appeal Record No. 36.)

In ruling from the bench, Judge Cosetti did not make any findings of fact relating to County's allegations that Kempner was concealing assets. On the record Judge Cosetti offered three reasons for denying County's motion: (1) a dismissal of Kempner's petition would precipitate a race among Kempner's various creditors to the

dismiss a debtor's Chapter 7 petition under 11 U.S.C. § 707(b) is a final order).

state courthouse to obtain a judicial lien on the allegedly concealed property which would be prejudicial to the creditors; (2) County's objection was more properly an objection to the dischargeability of Kempner's debts to County under 11 U.S.C. § 727[3] and such an objection had been made previously by County and was the subject of a pending adversary proceeding; and (3) by denying County's motion to dismiss Kempner's petition, the Bankruptcy Court would retain the power to order the Bankruptcy Trustee to conduct a full investigation into the charge against Kempner of concealing assets. (D.I. 1, Bankruptcy Appeal Record No. 39 at pp. 6–7, 9–10, 12.)

## III. DISCUSSION

■ "Litigation in the [B]ankruptcy [C]ourt is broken down into two general categories—'contested matters' or 'adversary proceedings.' Both contested matters and adversary proceedings are governed by structured procedures. Broadly stated, some proceedings are specifically delineated as adversary proceedings and must be instituted by filing a complaint. Other proceedings are contested matters and are generally instituted by filing a motion." Harvey M. Lebowitz, *Bankruptcy Deskbook* 721 (2d ed. 1990); *see also* 1 Daniel R. Cowans *et al.*, *Cowans' Bankruptcy Law and Practice* § 3.20 at p. 345 (1989 ed.). Bankruptcy Rule 1017(d) provides that a dismissal of a Chapter 7 petition under 11 U.S.C. § 707(a) "shall be on motion." Bankr.R. 1017(d). Thus, a proceeding to dismiss a Chapter 7 petition is a "contested matter." Bankruptcy Rule 9014 sets forth the procedures to be followed by the Bankruptcy Court in adjudicating contested matters. Among the procedural rules explicitly stated therein as applying to contested matters is Bankruptcy Rule 7052.

**3.** 11 U.S.C. § 727 provides a list of debt obligations which are nondischargeable in bankruptcy.

**4.** Subdivision (c) of Bankr.R. 7052 reads:
If during a trial without a jury a party has been fully heard with respect to an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party on any claim, counter-

Bankruptcy Rule 7052 is a verbatim adaptation of Rule 52 of the Federal Rules of Civil Procedure. Subdivision (a) of 7052 provides, *inter alia,* that:
In all actions tried upon the facts ... the court shall find the facts specially and state separately its conclusions of law thereon .... Findings of fact, whether based on oral or documentary evidence shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of evidence or appear in an opinion or memorandum of decision filed by the court. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in subdivision (c) of this rule.[4]

Bankr.R. 7052(a). Appellant County contends that Judge Cosetti failed to set forth findings of fact and conclusions of law as required by Bankruptcy Rule 7052 in denying County's motion to dismiss.

■ Appellant County's contention is meritless. Bankruptcy Rule 7052 does not require the Bankruptcy Court to make findings of fact and conclusions of law when ruling on a motion to dismiss a Chapter 7 petition under Bankruptcy Rule 1017(d) and 11 U.S.C. § 707(a). *See In re Campfire Shop, Inc.,* 71 B.R. 521, 524–25 (Bankr. E.D.Pa.1987). The last sentence of Bankruptcy Rule 7052(a) specifically states that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in subdivision (c) of this rule." Bankr.R. 7052(a). A motion to dismiss a Chapter 7 petition, as in the case at

claim, cross-claim, or third-party claim that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule. Bankr.R. 7052(c).

bar, clearly falls within the ambit of this exception. Accordingly, this Court concludes that the Bankruptcy Court was not required to make findings of fact and conclusions of law in ruling on County's motion to dismiss Kempner's Chapter 7 petition.

■ Furthermore, the Bankruptcy Court's statements on the record sufficiently explain the rationale for denying County's motion to dismiss so as to provide meaningful appellate review of the Bankruptcy Court's order. *Cf. Vadino v. A. Valey Engineers,* 903 F.2d 253, 257–60 (3d Cir.1990). Accordingly, the Court holds that Judge Cosetti's oral ruling did not violate Bankruptcy Rule 7052. An order consistent with this opinion affirming the decision of the Bankruptcy Court below shall be entered forthwith.