### In re Rosemary BROWN.

### Appeal of The FIRST JERSEY NATIONAL BANK.

### No. 90–5340.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 9, 1990.

Decided Oct. 18, 1990.

As Amended Oct. 24, 1990.

---

Peter R. Sarasohn, Bernard Schenkler, Bruce Buechler, Ravin, Sarason, Cook, Baumgarten, Fisch & Baime, Roseland, N.J., for appellant.

Helen Davis Chaitman, Sean M. Sullivan, Ross & Hardies, Somerset, N.J., for appellee.

Before GREENBERG, HUTCHINSON, and COWEN, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

First Jersey National Bank appeals from an order of the district court entered April 17, 1990, on an appeal from an order of the bankruptcy court entered December 13, 1989, which denied First Jersey's motion to dismiss these Chapter 11 proceedings brought by the debtor, Rosemary Brown. The district court order provided that First Jersey's appeal "be and hereby is denied, and the matter is remanded to the bankruptcy court for further proceedings." In an accompanying unpublished memorandum opinion, the district court concluded that the bankruptcy court's order was not final. Thus, it held that under 28 U.S.C. § 158(a) it could entertain the appeal only if it granted First Jersey leave to appeal, which it denied. We will reverse on the ground that the order of the bankruptcy court was final within 28 U.S.C. § 158(a) and we will therefore remand the case to the district court for adjudication on the merits.

In view of the limited issue before us, we need only summarize the background of this complex matter. The case had its gen-esis in a prior Chapter 11 proceeding of Repro Supply Corporation. Rosemary Brown and her husband, Gary Brown, were the principals of Repro. In 1985, Repro obtained a line of credit with First Jersey, but by October, 1986, Repro apparently exceeded its credit limit, leading First Jersey to withhold further advances from it. On November 13, 1986, Repro filed its Chapter 11 proceeding and thereafter remained in business as a debtor in possession. Repro needed additional financing which First Jersey agreed to supply on condition that it be given mortgages on three properties personally owned by the Browns, two in New Jersey and one in Florida. On November 21, 1986, on Repro's application, the bankruptcy court entered a cash collateral order [1] authorizing the advances on the security of the three properties and the mortgages were subsequently executed and delivered.[2] Ultimately the attempt at reorganization failed, so that by an order of the bankruptcy court of September 16, 1987, First Jersey was ordered to liquidate Repro's assets.

This liquidation did not satisfy Repro's debt to First Jersey, which therefore brought an action in the Superior Court of New Jersey against the Browns to foreclose the mortgages on the New Jersey properties. Though the foreclosure was contested, on February 6, 1989, First Jersey obtained an order for summary judgment striking the Browns' pleadings and permitting the action to proceed as though not contested. On application of the Browns, the Superior Court reconsidered its order but by a letter opinion of July 27, 1989, the court again granted First Jersey's motion for summary judgment.

On September 25, 1989, the Browns requested a hearing in the Superior Court to determine the amount due on the mortgage. However, on October 10, 1989, before the hearing was held, Rosemary Brown filed her Chapter 11 petition. First Jersey then moved under 11 U.S.C. § 1112(b) to dismiss her petition, asserting

---

1. *See* 11 U.S.C. § 363.

2. There was provision for other security which we need not discuss.

it was brought in bad faith to circumvent the foreclosure proceedings. After hearing oral argument, the bankruptcy court in an oral opinion denied the motion. The court said that it was not disturbed that the Chapter 11 petition was filed while the foreclosure was pending. Furthermore, it indicated that Rosemary Brown could bring the proceeding even though she was not directly operating a business. The court thought that it would be "premature to conclude that there is no reasonable likelihood of successful reorganization or liquidating plan of reorganization within a reasonable period of time since the case had just commenced." While the court was concerned with the fact that Gary Brown had not also filed a bankruptcy petition, thus leaving open the possibility that there might be an additional filing to delay creditors, it stated that this problem could be obviated for if Gary Brown filed a petition in bad faith it could be dismissed.[3]

First Jersey then appealed to the district court from the bankruptcy court's order of December 13, 1989, pursuant to 28 U.S.C. § 158(a), which provides in pertinent part:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges
>
> . . . .

The district court, however, did not reach the merits of the bankruptcy court's order. While it recognized in its memorandum opinion that "[f]inality in the bankruptcy context is construed more broadly than in 28 U.S.C. § 1291," it held that "a bankruptcy court order denying a creditor's motion to dismiss a debtor's petition on bad faith grounds is not a final appealable order," citing *In re Jartran, Inc.*, 886 F.2d 859 (7th Cir.1989); *In re 405 N. Bedford Dr. Corp.*, 778 F.2d 1374 (9th Cir.1985); and *In re Committee of Asbestos–Related Litigants*, 749 F.2d 3 (2d Cir.1984). In addition, referring to the bankruptcy court's indication

that Rosemary's case was too nascent to find bad faith, the district court found that the particular order on appeal was interlocutory. The district court indicated:

> In the instant matter, the bankruptcy court made no factual findings, stating that the limited record before it, at very least, raised several factual issues. The court's decision did not permanently dispose of the good faith issue; [First Jersey] is not precluded from raising the issue at a later date. Good faith, after all, is an integral aspect of a final plan of reorganization. *See* 11 U.S.C. § 1129(a)(3).

The district court set forth that First Jersey had not alleged that it would be prejudiced if Rosemary's reorganization continued, and that First Jersey, as a secured creditor, would, in any event, be adequately protected under the Bankruptcy Code. The district court further ruled that it would not grant leave to appeal.[4] The appeal to this court followed.

■ The initial question we must resolve is whether we have jurisdiction. Rosemary Brown contends that we do not, as the district court's order was not final within 28 U.S.C. § 158(a). If we have jurisdiction, it is under 28 U.S.C. § 158(d), which provides in pertinent part that

> [t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under

28 U.S.C. § 158(a), which in turn provides in pertinent part that

> [t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

---

3. The district court in its opinion set forth that Gary Brown filed a Chapter 11 petition in March 1990. Those proceedings are not part of the record on this appeal.

4. In view of our result, we need not even adumbrate its reasons for this ruling.

*In re Christian,* 804 F.2d 46 (3d Cir. 1986), is largely dispositive on the jurisdictional issue. In *Christian,* a Chapter 7 bankruptcy case, a group of creditors together with the Chapter 7 trustee, moved to dismiss under 11 U.S.C. § 707(b), which then provided (emphasis added):

After notice and a hearing, the court, on its own motion *and not at the request or suggestion of any party in interest,* may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

In light of the plain language underscored above, the *Christian* bankruptcy court denied the motion to dismiss, finding that it could not be made by the creditors and the Chapter 7 trustee, as they were parties in interest. 63 B.R. 71 (Bankr.D.N.J.1986). One of the creditors, the Union Chelsea Bank, appealed to the district court which affirmed the bankruptcy court "in all respects," *see* 804 F.2d at 47, holding that the creditors, the Chapter 7 trustee, and the United States trustee could not move to dismiss under section 707(b). Union Chelsea then appealed to this court.

We determined that we had jurisdiction, first noting that we approach "finality pragmatically, looking at the effect of the district court's ruling." 804 F.2d at 47–48. In this regard, we discussed *In re Marin Motor Oil,* 689 F.2d 445 (3d Cir.1982), *cert. denied,* 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983), which held that the district court's reversal of the bankruptcy court's denial of a motion by the creditors' committee to intervene in adversary proceedings instituted by bankruptcy trustee was final, and *In re Comer,* 716 F.2d 168 (3d Cir.1983), in which we held that the district court's order reversing the bankruptcy court's refusal to lift the automatic stay was final. In *Christian* we concluded that the district court's affirmance of the bankruptcy court's denial of the motion to dismiss was final, explaining:

If the order here is not now appealable the entire bankruptcy proceedings must be completed before it can be determined whether they were proper in the first place. We do not view such a resolution as either desirable or practical. In light of *Marin Motor Oil* [and] *Comer* ..., we therefore conclude that the district court's order in this case is a final order under § 158(d). Accordingly, this court has jurisdiction to consider the Bank's appeal.

804 F.2d at 48.

On the merits we affirmed the district court, finding that Union Chelsea, as a party in interest, was clearly prohibited from making a motion under section 707(b).

Brown attempts to distinguish *Christian* as, in her view, that case involved the "standing" of Union Chelsea to make the section 707(b) motion. While we will accept her characterization of *Christian,* it does not help her. In this case as in *Christian,* the bankruptcy court denied a motion to dismiss bankruptcy proceedings which therefore continued, and in both the district court upheld the denial of dismissal. While it is true that in *Christian* the district court affirmed and in this case the district court dismissed the appeal, in the pragmatic context in which we rule in bankruptcy, this is a distinction without a difference. The dismissal as well as the affirmance left nothing for the district court to do.[5] Furthermore, as we have indicated, the effect of the dismissal was exactly the same as the affirmance; the proceedings continued in the bankruptcy court. *Christian* did not reach an anomalous result as it was consistent with our general pragmatic approach to finality in bankruptcy cases. *See, e.g., United States v. Nicolet, Inc.,* 857 F.2d 202, 205 (3d Cir.1988); *In re West Electronics, Inc.,* 852 F.2d 79, 82 (3d Cir. 1988); *In re Airlease II, Inc. v. Simon,* 844 F.2d 99, 103–04 (3d Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988).

---

**5.** This is not the sole consideration for our conclusion. *See In re Comer,* 716 F.2d at 172.

If there had been any question regarding our jurisdiction, it surely cannot survive *In re Taylor*, 913 F.2d 102 (3d Cir.1990).[6] In *Taylor*, with only a citation to *Christian*, we assumed jurisdiction over an appeal from the district court's affirmance of a denial of a motion in the bankruptcy court to dismiss a Chapter 11 proceeding, thus suggesting that the reasons for the district court's affirmance are not germane in determining the finality of its order. Furthermore, in *Taylor* we noted that the bankruptcy court could later dismiss the case if bad faith became more apparent. *See Taylor*, at 105 n. 2. This statement is significant because it undermines any argument that *Christian* is distinguishable from this case on the basis that the standing problem of the movants there could not change so that the dismissal was a permanent decision, whereas the circumstances relating to the good faith issue here were recognized by the district court to be fluid.

 We recognize, of course, that finality under 28 U.S.C. § 158(d) has dual aspects relating to both the bankruptcy and district courts. In theory it would be possible to characterize an order of the district court as final even though the district court exercised jurisdiction by granting leave to appeal from an interlocutory order in the bankruptcy court, for the disposition of the appeal might terminate the particular controversy in both the district and bankruptcy courts.[7] But that is not our law, for if an order of the bankruptcy court "is affirmed on interlocutory appeal, a subsequent appeal to the court of appeals will not then be permitted under 28 U.S.C. § 158(d)." *In re West Electronics*, 852 F.2d at 82. *See also, In re White Beauty View, Inc.*, 841 F.2d 524, 525 (3d Cir.1988) ("[O]ur jurisdiction is limited to final orders and judgments of the bankruptcy courts and district courts.") It thus follows that in *Christian* and *Taylor* we at least implicitly determined that an order denying a motion to dismiss a Chapter 11 proceeding is a final order within 28 U.S.C. § 158(a).[8] Therefore, while we acknowledge that the opinions of the other courts of appeals cited by the district court support its conclusion, we are constrained to follow our own precedents and thus reverse.

The order of the district court of April 17, 1990, will be reversed and the matter will be remanded to the district court to decide First Jersey's appeal on the merits.

**6.** It is only fair to observe that the district court dismissed First Jersey's appeal before *In re Taylor* was decided.

**7.** Perhaps a strong argument could be made for such a conclusion in a case in which the district court granted leave to appeal from an order refusing to dismiss an adversary complaint and then reversed the order of the bankruptcy court and dismissed the complaint. It is not readily apparent why in that case there should not be an appeal to the court of appeals until "the entire bankruptcy proceedings [are] completed." *See In re Christian*, 804 F.2d at 48. *But see In re Comer*, 716 F.2d at 172.

**8.** We realize that in *Christian* we said that: "If the order *here* is not now appealable the entire bankruptcy proceedings must be completed before it can be determined whether they were proper in the first place." 804 F.2d at 48 (emphasis added). While this suggests that the court was focusing on the district court order as distinguished from the bankruptcy court order, the same pragmatic considerations apply to both. We also recognize that in *In re West Electronics*, 852 F.2d at 82, we suggested that an order denying without prejudice relief from the automatic stay might not be final "because the record was incomplete, discovery was ongoing or the court required further research on the issue before it," though on the facts in that case the order was final. But those procedural reasons are qualitatively different from the reasons for the denial of the motion to dismiss here for, in the words of *West*, First Jersey "was denied relief because in the bankruptcy court's view it was not entitled to it when it filed its motion." *Id.*