JORDAN, Circuit Judge,
concurring in the judgment.
I concur in the judgment, though I believe we have no sound basis for exercising jurisdiction in this case. Our precedent in In re Brown, 916 F.2d 120 (3d Cir.1990) constrains us to say that we have appellate jurisdiction under 28 U.S.C. § 158(d) (2000),[3] but we should revisit that precedent. I recognize that the concept of finality is relaxed in the bankruptcy context, but to call an order denying a motion to dismiss “final” seems to me to go beyond relaxation and all the way to demolition of the principle of finality. I agree instead with the majority of the courts of appeals to have considered this issue and would hold that the denial of a motion to dismiss a bankruptcy case is not a final order within the meaning of § 158. Accordingly, were we not constrained by Brown, I would dismiss.[4]
I.
Although district courts have jurisdiction under 28 U.S.C. § 158 (2000) over both final and interlocutory orders of the bankruptcy courts, we have jurisdiction only over final orders. Subsection (a) of § 158, which governs appeals from the bankruptcy courts to the district courts, provides:
(a) The district courts of the United States shall have jurisdiction to hear appeals
(1) from final judgments, orders, and decrees;
... and
(3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]....
28 U.S.C. § 158(a) (2000). Subsequent appeals from the district court to this Court are governed by subsection (d), which grants us jurisdiction over only “final decisions, judgments, orders, and decrees entered under subsection[ ](a).... ”[5] Id. at *276 § 158(d). Thus, while the district courts have jurisdiction to hear interlocutory appeals under subsection (a), subsection (d) gives us jurisdiction only over appeals from final orders. In re Jeannette Corp., 832 F.2d 43, 45 (3d Cir.1987).
As a result, whether we have jurisdiction in this case under § 158(d) turns on whether a bankruptcy court’s denial of a motion to dismiss a Chapter 11 case for bad faith is properly characterized as a final order or an interlocutory order. If the Bankruptcy Court’s denial of the Appellants’ motion to dismiss in this case is a final order, the District Court was required to assume jurisdiction under § 158(a) and its affirmance constitutes a final order, giving us jurisdiction under § 158(d). However, if the Bankruptcy Court’s order is interlocutory, the District Court’s affirmance is interlocutory and we lack jurisdiction under § 158(d). See Connecticut Nat’l Bank v. Germain, 503 U.S. 249, 252, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (referring to an order of the district court affirming an interlocutory order of the bankruptcy court as an interlocutory order of the district court); Jeannette, 832 F.2d at 45-46 (holding that we lack jurisdiction over a district court’s affirmance of an interlocutory order of the bankruptcy court).[6]
II.
In In re Brown, 916 F.2d 120, 124 (3d Cir.1990), we held that an order of a bankruptcy court denying a motion to dismiss a Chapter 11 case for bad faith is a final order for purposes of § 158. I believe our decision in Brown should be reconsidered. Although it is well settled that the concept of finality is relaxed in the bankruptcy context, the justification for relaxing the finality rule in bankruptcy cases does not support treating the denial of a motion to dismiss as a final order.
*277 Outside of the bankruptcy context, an order is generally considered final and appealable only if it “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). The strict rule of finality is relaxed in bankruptcy cases, however, because a single bankruptcy case can encompass a number of “functionally distinct cases.” In re Lopez, 116 F.3d 1191,1193 (7th Cir.1997). Accordingly, an order is considered final in a bankruptcy case when it finally resolves a particular adversary proceeding or resolves the status of a particular claim against the estate. See id.-, In re Saco Local Dev. Corp., 711 F.2d 441, 445-46 (1st Cir.1983) (Breyer, J.) (“[A] ‘final judgment, order, or decree’ ... includes an order that conclusively determines a separable dispute over a creditor’s claim or priority.”). In other words, “the same concepts of finality apply in bankruptcy as in any other case, but they are applied to the discrete controversies within the administration of the estate; the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do.” In re Donovan, 532 F.3d 1134, 1137 (11th Cir.2008) (quotation marks omitted); see also 1 Collier on Bankruptcy 115:07[l][b] (Lawrence P. King ed., 15th ed. rev. 2008) (“[E]ach adversary proceeding or contested matter is a discrete unit and ..., once that unit is defined, ordinary concepts of finality apply.”).
Thus, it may be more helpful to think of the principle of finality as applying in a specialized rather than a “relaxed” way in bankruptcy, and the rationale for that special application does not provide a basis for treating the denial of a motion to dismiss a bankruptcy case as a final order. Unlike an order resolving all of the issues related to a discrete claim or proceeding within a bankruptcy case, the denial of a motion to dismiss a bankruptcy case does not finally resolve anything. It does not resolve a discrete claim or proceeding within the case and it certainly does not resolve the case as a whole. Instead, the denial of a motion to dismiss a bankruptcy case means the same thing it does in any other kind of case: the case goes forward. Accordingly, most of the courts of appeals to consider the issue have concluded that the denial of a motion to dismiss a bankruptcy case is not final. See Donovan, 532 F.3d at 1137 (“[T]he bankruptcy court’s order denying [the appellant’s] motion to dismiss the Chapter 7 case is not a final order.”); In re Jartran, Inc., 886 F.2d 859, 863-64 (7th Cir.1989) (“The bankruptcy court’s denial of [the appellant’s] motion to dismiss is ... clearly not appealable as a final order.... [T]his is not a case that falls within the ‘twilight zone’ of finality; it rests ... clearly outside and beyond the appropriate boundary.”); In re Phillips, 844 F.2d 230, 235-36 (5th Cir.1988) (“While the law on finality of bankruptcy orders, in the past, often has turned on difficult and fine distinctions, ... today, especially in the instant case, the applicable law is fairly clear____[A]n order [denying a motion to dismiss] allows the bankruptcy proceedings to continue. It thus is a ‘preliminary step in some phase of the bankruptcy proceeding,’ and does not ‘directly affect’ the disposition of the estate’s assets. We therefore conclude that the bankruptcy order here was non-final.” (quotation marks omitted)); In re 105 N. Bedford Dr. Corp., 778 F.2d 1374, 1379 (9th Cir.1985) (“[T]he denial of the motion to dismiss [the Chapter 11 petition] for bad faith filing is not a final order ..., and we lack jurisdiction over this portion of the [appellants’] appeal.”); In re Comm, of Asbestos-Related Litigants, 749 F.2d 3, 4-5 (2d Cir.1984) (holding that the denial of a motion to dismiss a Chapter 11 case for *278 bad faith is interlocutory).[7] Because general concepts of finality support treating the denial of a motion to dismiss as non-final, I agree with those circuits and believe that Brown should be overruled.
III.
Not only does Brown put us in the minority on this issue, the holding in the case cannot be justified by reason or by the precedent on which it relied. In Brown, we stated that we were constrained to reach our result by an earlier decision, In re Christian, 804 F.2d 46 (3d Cir.1986), in which we assumed jurisdiction under § 158(d) over an appeal from a district court order affirming a bankruptcy court’s denial of a motion to dismiss a Chapter 7 petition.[8] Brown, 916 F.2d at 124; Christian, 804 F.2d at 48. Christian, in turn, relied on three earlier cases: In re Marin Motor Oil, Inc., 689 F.2d 445 (3d Cir.1982); In re Amatex Corp., 755 F.2d 1034 (3d Cir.1985); and In re Comer, 716 F.2d 168 (3d Cir.1983). Christian, 804 F.2d at 47-48.
Importantly, however, none of the three cases cited in Christian support the proposition that the denial of a motion to dismiss a bankruptcy case is a final order. In Marin Motor Oil, the bankruptcy court order at issue was the denial of a motion to intervene, which, unlike the denial of a motion to dismiss, is considered to be a final order even outside of the bankruptcy context.[9] See, e.g., Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc., 54 F.3d 156, 158 (3d Cir.1995) (“[T]he denial of a motion to intervene as of right is a final, appealable order.”). Similarly, in Amatex, we concluded that we had jurisdiction over an appeal from a district court order denying a motion to appoint a guardian ad litem to represent potential future asbestos claimants, reasoning that the order was tantamount to a denial of a motion to intervene. Amatex, 755 F.2d at 1040-41. Thus, neither Marin Motor Oil nor Amatex is a precedent for treating as final the denial of a motion to dismiss.
Nor does our decision in Comer provide support for our holding in Christian. In Comer, we considered whether we had jurisdiction to review the district court’s reversal of a bankruptcy court’s order denying a motion to lift the automatic stay to permit a property foreclosure in state court. Comer, 716 F.2d at 171-74. We held that the district court’s order direct *279 ing the bankruptcy court to lift the stay was a final order because it subjected the property to foreclosure and, thus, ended a particular controversy in the bankruptcy case. Id. at 172. But unlike the district court’s order to lift the automatic stay in Comer, a district court’s affirmance of a bankruptcy court’s order denying a motion to dismiss a bankruptcy case does not end a discrete dispute within the bankruptcy case. Again, it does not end anything; it keeps the bankruptcy case alive.
Aside from our citations to Marin Motor Oil, Amatex, and Comer, the only reasoning given for our holding in Christian was the view that waiting until the entire bankruptcy proceeding was completed before the court of appeals could review the denial of a motion to dismiss would not be “desirable or practical.” Christian, 804 F.2d at 48. As to whether it would be desirable, that is eminently debatable. While immediate review may turn out to be efficient in a particular case, that will only be true if we reverse and hold that the case must be dismissed. In the long run, immediate review is likely to be inefficient because improperly classifying orders as final instead of interlocutory encourages parties to file multiple appeals to preserve their arguments for review. See Fed. R. Bank. P. 8002(a); Fed. R.App. P. 4; Cf. In re Market Square Inn, Inc., 978 F.2d 116, 122 (3d Cir.1992) (Stapleton, J., dissenting) (“My concern is that if the two orders underlying this appeal are determined to be final, there will be no jurisdictional limits imposed by section 158(d) in the Third Circuit, and a careful lawyer for the losing party will be constrained to file an appeal whenever an order of a bankruptcy court decides some, but less than all, of the issues on which an application for relief depends.”). More to the point, though, the desirability of an outcome is no basis for asserting jurisdiction when no jurisdiction exists.
As to the practicality of applying the finality rule under circumstances like these, I see no reason why a litigant in a bankruptcy case cannot obtain meaningful review of the denial of a motion to dismiss a bankruptcy case for bad faith after the bankruptcy case has reached final judgment.[10] But a disappointed litigant need not even wait that long because, under the statutory scheme, bankruptcy cases do not need to be fully and finally litigated before the issue of whether the debtor filed in bad faith may be reviewed. Section 158(a) provides for district court review of interlocutory orders of the bankruptcy court with leave of court. Thus, if a bankruptcy court order denying a motion to dismiss is “so beyond the bounds of propriety as to constitute an abuse of discretion[, that order] may be subject to adequate control under the discretionary power section 158(a) gives a district court to hear and decide appeals from interlocutory orders of bankruptcy courts.” In re BH & P Inc., 949 F.2d 1300, 1320 n. 3 (3d Cir.1991) (Hutchinson, J., concurring and dissenting). Moreover, this court has discretion to hear appeals from interlocutory orders of the district courts under 28 U.S.C. § 1292(b) and, under certain circumstances, of the bankruptcy courts under 28 U.S.C. § 158(d)(2) (2006) (for cases filed after the effective date of the amendment *280 to § 158) and, thus, can grant permission to appeal in cases where the bad faith of the debtor is clear.[11]
In sum, our holding in Brown — that the denial of a motion to dismiss a bankruptcy case is a final order — may have been compelled by our decision in Christian, but Christian is not supported by the precedent on which it relied. Nor do I agree that it is desirable or practical to treat the denial of a motion to dismiss as final. Christian, 804 F.2d at 48. I would therefore rely on general principles of finality, as widely adopted even in the bankruptcy context, and treat the denial of a motion to dismiss a bankruptcy case as an interlocutory order, not a final one.
IV.
For the reasons set forth above, our decision in Brown should be reconsidered. But I agree with the majority that we are constrained by our precedent, and I therefore concur in the judgment.

. Section 158(d) of Title 28 was amended in 2005, after this case was filed. See infra note 3.

. This Court does have discretion to permit an interlocutory appeal from a district court under 28 U.S.C. § 1292(b). Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). But § 1292(b) does not require us to entertain interlocutory appeals and I would decline to exercise discretion to permit such an appeal in this case. Accordingly, I focus here on the question of whether we are required under 28 U.S.C. § 158(d) to assume jurisdiction over this appeal.

. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended § 158(d) to provide that, under certain circumstances, courts of appeals may grant litigants leave to appeal from orders of the bankruptcy court-including interlocutory orders-if the bankruptcy court, district court, or bankruptcy appellate panel involved, or all the parties to the appeal, certify that (1) the order *276 "involves a question of law as to which there is no controlling decision” or "involves a matter of public importance"; (2) the order "involves a question of law requiring resolution of conflicting decisions”; or (3) an immediate appeal from the order “may materially advance the progress of the case.” 28 U.S.C. § 158(d)(2)(A) (2006). Former subsection (d) was redesignated as subsection (d)(1).
The amended § 158(d) is not applicable in this case since this case was filed in 2001, prior to the effective date of the amendment. Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, § 1501, 119 Stat. 23, 216 (2005). Unless otherwise specified, any reference herein to 28 U.S.C. § 158 is to the version of the statute that existed when this case was filed in 2001.

. In Jeannette, we stated that "the language of § 158(d) does not permit this court to review the district court’s disposition of an appeal from a purely interlocutory order of the bankruptcy judge.” 832 F.2d at 45. While that is certainly true when the district court affirms an interlocutory order of the bankruptcy court, which was the situation in that case, there may be some circumstances in which a district court's reversal of an interlocutory order of the bankruptcy court may be final for purposes of § 158(d). For example, if a district court were to reverse a bankruptcy court’s denial of a motion to dismiss, the district court’s order would be final, and thus reviewable in this Court, because the result of the district court's order would be dismissal of that case. See In re Cash Currency Exch., Inc., 762 F.2d 542, 545-46 n. 3 (7th Cir.1985) ("In some instances, the action taken by the district court may transform an interlocutory order of the bankruptcy court into a final order for the purpose of appellate review by this court. An obvious example would be an order by the bankruptcy court denying a motion to dismiss the proceedings for lack of jurisdiction. If on appeal the district court determined that the bankruptcy court lacked jurisdiction and reversed this order, the decision of the district court would be a final appealable order.”). Accordingly, our statement in Jeannette that we only have jurisdiction when the bankruptcy court’s order is final will hold true when the district court affirms, but it may not always hold true when the district court reverses.

. Aside from the Third Circuit, the only circuit to treat the denial of a motion to dismiss a bankruptcy case as a final order is the Eighth Circuit, see In re Koch, 109 F.3d 1285, 1287-88 (8th Cir. 1997), which cited our decision in In re Christian, 804 F.2d 46 (3d Cir. 1986). Our decision in Brown also relied on Christian. For reasons explained in Part III, infra, I believe that our decision in Christian was misguided.

. We also stated in Brown that we were constrained by In re Taylor, 913 F.2d 102 (3d Cir. 1990), in which we assumed jurisdiction over an appeal from a district court order affirming a bankruptcy court’s denial of a motion to dismiss a Chapter 11 case. Brown, 916 F.2d at 124; Taylor, 913 F.2d at 104. However, Taylor simply relied on Christian. Taylor, 913 F.2d at 104 ("The order refusing to dismiss the bankruptcy petition is ... appealable, In the Matter of Christian, 804 F.2d 46 (3d Cir.1986).").

. The real issue in Marin Motor Oil was whether the district court's order, which reversed the bankruptcy court’s order denying a motion to intervene, was final. We held that it was, noting that the bankruptcy court’s order was "indisputably" final and that "the principal rationales for narrowly construing finality ... have less applicability when one • appellate court is asked to review what is in effect a lower appellate court.” Id. at 448-49. Incidentally, our decision to assume jurisdiction in Marin Motor Oil has also been roundly criticized, see Lopez, 116 F.3d at 1192-94 (collecting cases and rejecting the Third Circuit’s approach), but there is no occasion to revisit that issue here.

. For example, in In re Integrated Telecom Express, Inc., 384 F.3d 108, 129-130 (3d Cir. 2004), we concluded, after a bankruptcy plan had been confirmed, that the bankruptcy court should have granted an earlier motion to dismiss the Chapter 11 petition for lack of good faith. Although, it appears in that case that separate appeals were taken from the order denying the motion to dismiss and from the order confirming the plan, see id. at 116-18, our decision in that case demonstrates that meaningful appellate review can still be had in the context of a confirmed bankruptcy plan.

. While 28 U.S.C. § 1292(b) and 28 U.S.C. § 158(d)(2) (2006) grant the courts of appeals jurisdiction to hear interlocutory appeals, it remains extremely important for us to distinguish between interlocutory orders and final orders. For one thing, unlike § 1292(b), § 158(d)(1) (formerly, § 158(d)) permits appeals from final orders of the district courts as of right. Accordingly, we must assume jurisdiction over an appeal from a final order under § 158(d)(1) regardless of whether we would otherwise exercise our discretion not to entertain the appeal and regardless of whether the district court certified the order for appeal. As a result, properly classifying orders as final or interlocutory will enable us to distinguish between those appeals from the district court that we must hear, those that we have discretion to hear, and those over which we lack jurisdiction. Furthermore, as already noted, improperly classifying interlocutory orders as final not only forces district courts to entertain interlocutory appeals, it perversely encourages parties to file multiple appeals in order to preserve their arguments for review.